# EXHIBIT A

08/22/2006 11:53 FAX 916 85● ●013    HACKARD & HOLT    ☒039/043

1  Theodore J. Holt, SBN 148899
   David R. Zarka, SBN 103185
2  Alissa S. Holt, SBN 217005
   HACKARD & HOLT
3  11335 Gold Express Drive, Suite 155
   Gold River, CA 95670
4  Telephone:  (916) 853-3000
   Facsimile:   (916) 853-3010
5
   Attorneys for Plaintiffs
6  LOIS HORNSBY and HOWARD
   HORNSBY
7

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10 Coordination Proceeding              ) JCCP No. 4247
   Special Title (Rule 1550(b))         )
11                                      ) Case No.:_____  BC359104
   VIOXX® CASES                         )
12                                      ) County of Origin: SHASTA
   _____ ) Superior Court
13 LOIS HORNSBY and HOWARD              )
   HORNSBY,                             ) *(By Order of the Honorable Victoria G.*
14                                      ) *Chaney, the designated county of origin*
              Plaintiffs,                ) *shall be deemed, and is stipulated to be, the*
15                                      ) *original county in which this case was*
       v.                                ) *initially filed and pending for purposes of*
16                                      ) *removal under U.S.C. § 1441(a) and*
   MERCK & COMPANY, INC., a             ) *potential trial venue.)*
17 corporation; McKESSON                )
   CORPORATION, a corporation;          ) **COMPLAINT: AMENDED NOTICE OF**
18 AMERISOURCEBERGEN DRUG               ) **ADOPTION OF VIOXX MASTER**
   CORPORATION, a corporation;          ) **COMPLAINT (2005 Amended NOA)**
19 PFIZER, INC.; PHARMACIA              )
   CORPORATION; G.D. SEARLE LLC,        ) Assigned to Honorable Victoria G. Chaney,
20 (FKA G.D. SEARLE & CO.); DOES 1 to   ) Department 324
   100; PHARMACEUTICAL                  )
21 DEFENDANT DOES 101 to 200, and       )
   DISTRIBUTOR DEFENDANT DOES           )
22 201 to 300, inclusive,               )
                                        )
23           Defendants.                 )
   _____ )
24
       Plaintiffs, LOIS HORNSBY and HOWARD HORNSBY, complain of Defendants, and
25
   each of them, and allege as follows:
26
       Pursuant to the Court's Case Management Order No. 3: General Pre-trial Order and Case
27
   Management Order No. 6:  Order Regarding Direct Filing, Plaintiffs LOIS HORNSBY and
28
                                        1

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

09/22/2006 11:53 FAX 916 85█████013        HACKARD & HOLT                    ☒040/043

1  HOWARD HORNSBY hereby adopt the Master Complaint, in JCCP No. 4247, and any rulings
2  or orders of the Court relating thereto:
3      1. (a) <u>**Causes of action and Parties alleged in the Master Complaint.**</u> Plaintiff
4  incorporates by reference each of the causes of action in the Master Complaint checked below and
5  alleges the same against Defendants, and each of them, as specified in the Amended Master Complaint:

6      ☒ Strict Liability – Failure to Warn
7      ☒ Negligence
8      ☒ Negligence Per Se
9      ☒ Breach of Implied Warranty
10     ☒ Breach of Express Warranty
11     ☒ Deceit by Concealment
12     ☒ Negligent Misrepresentation
13     ☒ Violation of Business & Professions Code § 17200
14     ☒ Violation of Business & Professions Code § 17500
15     ☐ Wrongful Death
16     ☐ Survivor Action
17     ☒ Loss of Consortium

    (b) <u>**Causes of Action and/or Parties not alleged in the Master Complaint.**</u>

18  Plaintiff alleges additional causes of action and/or names additional parties not mentioned
19 in the Master Complaint as follows: <u>PFIZER, INC., PHARMACIA CORPORATION, and G.D.</u>
20 <u>SEARLE LLC, (FKA G.D. SEARLE & CO.). See attached.</u>
21     2. Plaintiffs are residents of the State of California, County of Shasta. Plaintiffs'
22 injuries as alleged in this litigation occurred in the County of Shasta, in the State of California.
23     3. Plaintiff ☒ is/ ☐ is not claiming damages for mental and/or emotional distress.
24     4.
25     ☒ Plaintiff, LOIS HORNSBY, is an individual who ingested VIOXX®,
26     CELEBREX and/or BEXTRA and who asserts claims for damages herein
27     by complaining of the following injuries: <u>Including but not limited to</u>
28

2

<u>Complaint</u>: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350988.tif - 9/22/2006 11:52:26 AM

M0096247459

09/22/2006 11:53 FAX  916 853013        HACKARD & HOLT                    ☒041/043

        cerebralvascular accident, stroke and related injuries, shortness of breath and swelling

☒    Plaintiff, HOWARD HORNSBY, is the spouse of LOIS HORNSBY, an individual who ingested VIOXX®, CELEBREX and/or BEXTRA and allegedly sustained personal injuries as a result.

☐    Plaintiff's decedent, _____, is an individual who ingested VIOXX® and allegedly sustained fatal injury as a result. The following plaintiffs and heirs of plaintiff's decedent, or other persons entitled to bring an action for the wrongful death of plaintiff's decedent, and bring the causes of action alleged herein pursuant to Code of Civil Procedure § 377.60 are: _____

☐    Plaintiff is a personal representative or successor in interest to decedent, _____, who ingested VIOXX® and allegedly sustained fatal injury as a result, and is authorized to bring a survivor action on behalf of the decedent pursuant to Code of Civil Procedure § 377.31, et seq. Plaintiff has been appointed as the decedent's personal representative or successor in interest by the following court, on the following date:

_____

5.    The Vioxx, Celebrex and/or Bextra ingested by plaintiff or decedent was purchased at the following pharmacies (*provide name and address of each pharmacy*): Rite Aid, 6424 Westside Road, Redding, California 96001-4833; Lim's Pharmacy, 1035 Placer Street, Redding, California 96001

6.    (*If plaintiff alleges a cause of action for deceit by concealment and/or a cause of action for negligent misrepresentation, plaintiff must complete this section.*) Plaintiff claims that defendants are liable to plaintiff for deceit by concealment and/or negligent misrepresentation based on the following allegations:

(a)    What allegedly false statement(s) did defendants make to you or your doctor (*if doctor, state the name and address of the doctor*)?: Plaintiff incorporates by reference each and every allegation set forth in Plaintiff's Master Complaint as though fully set forth herein. In an effort to increase sales of the drug and improve profits, defendants concealed and misrepresented

3

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350998.tif - 9/22/2006 11:52:26 AM

08/22/2006 11:53 FAX 916 85█████13        HACKARD & HOLT                           ☒042/043

the safety of Vioxx and Celebrex by and through documents and pharmaceutical representatives. Defendants did not include accurate portrayals of the risks associated with Vioxx and Celebrex and concealed the serious cardiovascular and other risks of Vioxx and Celebrex. Defendants knew of these adverse risks through clinical trials and adverse event reports as well as other sources, yet did not divulge the information.

(b)  State the name and job title of the individual(s) who made the above-described statements to you or your doctor?: Plaintiff incorporates by reference each and every allegation set forth in Plaintiff's Master Complaint as though fully set forth herein. On information and belief, individuals employed by Defendant, MERCK & COMPANY, INC., and DOE Defendants 1-300 responsible for testing, studying, researching, evaluating, endorsing, designing, formulating, compounding, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, advertising for sale, or otherwise responsible for placing in the stream of interstate commerce in addition to Defendants' sales representatives, who withheld and denied the adverse health effects.

(c)  When, and by what means (e.g., writing, oral statement, television, internet, etc.), were the above-described statements made to you or your doctor?: Plaintiff incorporates by reference each and every allegation set forth in Plaintiff's Master Complaint as though fully set forth herein. On information and belief, written communications, oral statements, television, internet, press releases, promotional literature and other means were used to misrepresent the ill effects of Vioxx and Celebrex. Defendants concealed the significant increases in adverse cardiovascular events among Vioxx and Celebrex users in all means of communication.

(d)  When, and how, did you or your doctor rely on the above-described statements?: Plaintiff incorporates by reference each and every allegation set forth in Plaintiff's Master Complaint as though fully set forth herein. Plaintiff's doctor relied on the misrepresentation and concealment by prescribing Vioxx and Celebrex as treatment. Plaintiff relied on the misrepresentation to purchase and ingest the dangerous drugs.

(e)  If the above-described statements were false by virtue of defendants' concealment of facts that were known by defendants, state the facts that were concealed and that, if known by you or your doctor, would have prevented your alleged injury: Plaintiff incorporates by reference each and every allegation set forth in Plaintiff's Master Complaint as though fully set forth herein. Defendant concealed the serious cardiovascular and other risks associated with Vioxx and

4

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

09/22/2006 11:53 FAX 916 853●●13          HACKARD & HOLT                              ☒043/043

Celebrex. <u>Defendant withheld findings from adverse event reports, clinical trials and studies which show statistically significant increases in cardiovascular events amount Vioxx and Celebrex users.</u>

7. Plaintiff requests the relief checked below:

☒ Past and future general damages, according to proof.

☒ Past and future medical and incidental expenses, according to proof.

☒ Past and future loss of earnings and/or earning capacity, according to proof.

☒ Punitive and exemplary damages, where permitted by law.

☒ Damages for past and future mental and/or emotional distress, according to proof.

☒ Damages for past and future loss of consortium, according to proof.

☒ Costs of suit incurred herein.

☐ Injunctive relief (specify): _____

☒ Other (specify): <u>For disgorgement of profits, according to proof, for attorneys fees and for such other and further relief as this Court deems just and proper.</u>

Dated: __9/21__, 2006

HACKARD & HOLT

By _____/s/_____
ALYSSA S. HOLT
Attorneys for Plaintiffs
LOIS HORNSBY and HOWARD HORNSBY

5

Complaint: Amended Notice of Adoption of Vioxx Master Complaint (2005 Amended NOA)

11350988.tif - 9/22/2006 11:52:26 AM

M0096247762